IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL MACK,
#R61452,

Plaintiff,

vs.

ASSISTANT WARDEN WALKER
CHAPLAIN and
ANN LAHR,

Defendants.                                    Case No. 18-cv-00507-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Carl Mack is currently incarcerated at Shawnee Correctional Center ("Shawnee"). He brings this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(A), in order to challenge the denial of access to Hebrew Israelite worship services at Shawnee. (Doc. 1, pp. 4-5). Plaintiff seeks monetary damages against the defendants and access to worship services.[1] (Doc. 1, p. 6).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil

---

[1] Plaintiff has not requested interim relief in the Complaint or filed a motion for temporary restraining order and/or preliminary injunction pursuant to Rule 65(a) or (b) of the Federal Rules of Civil Procedure. The Court construes his general request for access to religious services as a request for injunctive relief at the close of the case. If Plaintiff seeks more immediate relief, he must file a Rule 65 motion. He is free to do so at any time during the pending action.

1

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

## The Complaint

Plaintiff is a practicing Hebrew Israelite. (Doc. 1, pp. 4-5). When he arrived at Shawnee on August 29, 2017,[2] he submitted a written request for access to

---

[2] In the Complaint, Plaintiff refers to dates in 2018 that have not yet occurred. (Doc. 1, pp. 4-5). For example, Plaintiff alleges that he submitted his formal written request for religious services upon his arrival at the prison on August 29, *2018*. (Doc. 1, p. 4). It appears that Plaintiff actually intended to refer to 2017. To avoid confusion caused by these references, the Court has modified the dates in this Order to reflect those events that *appear* to have occurred in 2017.

2

religious worship services. (Doc. 1, p. 4). The prison's chaplain ("Unknown Chaplain") did not meet with Plaintiff to discuss his request until more than a month later. *Id*. At the meeting, the chaplain explained that he was not familiar with Plaintiff's religion but would speak with the assistant warden ("Walker") about the availability of worship services. *Id*.

After doing so, the chaplain and assistant warden offered to set up a meeting on Plaintiff's behalf with the prison's rabbi. (Doc. 1, p. 4). Plaintiff explained that the meeting was unnecessary because Plaintiff is not Jewish. *Id.* The chaplain and assistant warden nevertheless scheduled a meeting with the rabbi for October 9, 2017. *Id*.

Rabbi Schemon met with Plaintiff on that date but agreed that he could do nothing for Plaintiff because his religion is unrelated to Judaism. (Doc. 1, p. 4). The chaplain informed Plaintiff that he would speak with the assistant warden about finding a religious service for Plaintiff to attend. *Id*. To date, no services have been offered to him. *Id*.

Plaintiff filed a grievance to challenge the denial of access to religious worship services. (Doc. 1, pp. 4-5). The grievance was denied at every level. *Id*. This includes the denial of his grievance by the Administrative Review Board ("Ann Lahr"). (Doc. 1, p. 5).

Plaintiff asserts that he has suffered from significant spiritual, mental, and physical pain at Shawnee as a result of this deprivation. (Doc. 1, p. 5). The prison allegedly has many Hebrew Israelite inmates, and Plaintiff routinely greets

3

them with "shalom" when he sees them. *Id.* However, Plaintiff's inability to worship with fellow Hebrew Israelites has burdened the exercise of his religion. *Id.*

Plaintiff claims that the denial of religious worship services at Shawnee violates his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(A). In connection with this claim, he names the Unknown Chaplain, Assistant Warden Walker, and ARB Member Lahr as defendants. (Doc. 1, pp. 1-2). He seeks monetary damages against the defendants. (Doc. 1, p. 6). Plaintiff also requests injunctive relief, in the form of an order requiring the prison to offer religious worship services to Hebrew Israelites. *Id.*

## **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in the Complaint into the following enumerated counts:

**Count 1** - Defendants denied Plaintiff access to Hebrew Israelite religious worship services at Shawnee, in violation of the Free Exercise Clause of the First Amendment.

**Count 2** - Defendants denied Plaintiff access to Hebrew Israelite religious worship services at Shawnee, in violation of RLUIPA.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The

4

designation of these claims does not constitute an opinion regarding the merits. **Any other claims in the Complaint that are not identified above are inadequately pled under** *Twombly* **and are considered dismissed without prejudice from this action.**

Plaintiff's claims arise under the First Amendment[3] and RLUIPA. The Free Exercise Clause of the First Amendment prohibits prison officials from imposing a substantial burden on the free exercise of an inmate's religion, unless it is reasonably related to a legitimate penological interest. *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013); *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009) (prisoners retain their First Amendment right to exercise their religious beliefs, although this right is not unfettered). RLUIPA offers broader protections to institutionalized persons than the First Amendment. *See* 42 U.S.C. § 2000cc-3(g). *See also Holt v. Hobbs*, -- U.S. --, 135 S. Ct. 853, 860 (2015); *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). The statute applies to all prisons that receive federal funds, and this includes Shawnee Correctional Center. Protection under RLUIPA extends to "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). RLUIPA prohibits prisons from imposing a substantial burden on a prisoner's religious exercise unless the burden furthers a compelling government interest through the least restrictive means. *See* 42 U.S.C. § 2000cc-1(a); *Koger v.*

---

[3] Although Plaintiff did not explicitly raise a claim under the First Amendment, the Court will consider this claim at screening because the Complaint suggests that there is a basis for this claim. Pro se litigants are not required to plead legal theories, and the factual allegations in the Complaint provide the defendants with fair notice of Plaintiff's claims against them. *Jogi v. Voges*, 480 F.3d 822, 826 (7th Cir. 2007).

5

*Bryan*, 523 F.3d 789, 796 (7th Cir. 2008).

The allegations in the Complaint articulate a First Amendment claim in Count 1 and a RLUIPA claim in Count 2 for screening purposes. The Court does not question the sincerity of Plaintiff's religious beliefs. "A person's religious beliefs are personal to that individual [and] are not subject to restriction by the personal theological views of another." *Ortiz*, 561 F.3d at 670 (citing *McCreary Cnty., Ky. v. Am. Civil Liberties Union of Ky.*, 545 U.S. 844, 875-76 (2005) (noting that religious choice is "the prerogative of individuals under the Free Exercise Clause")). Whether a legitimate or compelling penological interest supports the defendants' decision to deny Plaintiff access to Hebrew Israelite services remains to be seen. No such interest can be gleaned from the allegations in the Complaint. Plaintiff simply asserts that the defendants denied his request for worship services without providing a reason for their decision and, in doing so, imposed a significant burden on the exercise of his religion. (Doc. 1, pp. 4-5). The Complaint suggests that all three defendants were personally involved in the decision to deny Plaintiff access to worship services. *Id*. These allegations of personal involvement in a constitutional violation are sufficient to state a § 1983 claim against the defendants. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (§ 1983 creates cause of action based on personal liability and predicated upon fault).

Before allowing these claims to proceed, the Court deems it necessary to clarify which parties should be named in connection with each claim. Plaintiff

6

may proceed with his claim for money damages in Count 1 against all three named defendants, in their individual capacities. However, money damages are unavailable under RLUIPA, so Plaintiff cannot pursue this relief in Count 2 against the defendants. *See, e.g., Grayson*, 666 F.3d at 451; *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011); *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009) (remedies available under RLUIPA include injunctive and declaratory relief). He may proceed with his request for injunctive relief in Counts 1 and 2, but the Court shall direct the Clerk to add the Warden of Shawnee Correctional Center, in his or her official capacity, in connection with this request. This is because wardens are generally responsible for ensuring that injunctive relief is carried out, regardless of any personal involvement in the alleged violation. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); *Ajala v. West*, No. 13-cv-545-BBC, 2014 WL 7338782 (W.D. Wis. 2014) (citing *Williams v. Doyle*, 494 F. Supp. 2d 1019, 1024 (W.D. Wis. 2007) ("[A] claim for injunctive relief can only stand against someone who has the authority to grant it.").

In summary, Count 1 shall proceed against Defendants Unknown Chaplain, Assistant Warden Walker, and ARB Member Lahr (in their individual capacities), based on Plaintiff's request for monetary damages. Count 1 shall proceed against the Warden of Shawnee (in his or her official capacity), based on Plaintiff's request for injunctive relief. Count 2 shall likewise proceed against the Warden of Shawnee (in his or her official capacity), based on Plaintiff's request for injunctive relief.

### Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Count 1 against Defendant Unknown Chaplain. However, this defendant must be identified with particularity before service of the Complaint can be made on him or her. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. In this case, the Warden of Shawnee Correctional Center shall be added as a defendant, in his or her official capacity only, for the purpose of carrying out any injunctive relief that is ordered *and* responding to discovery aimed at identifying Defendant Unknown Chaplain. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the chaplain is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel shall be **REFERRED** to a United States Magistrate Judge for a decision.

### Disposition

The Clerk is **DIRECTED** to **ADD** the **WARDEN OF SHAWNEE CORRRECTIONAL CENTER**, in his or her official capacity only, for purposes of

carrying out any injunctive relief that is ordered and responding to discovery aimed at identifying Defendant Unknown Chaplain.

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendant **WARDEN OF SHAWNEE (official capacity only), ASSISTANT WARDEN WALKER, ANN LAHR,** and **UNKNOWN CHAPLAIN**.

**IT IS ALSO ORDERED** that **COUNT 2** is subject to further review against Defendant **WARDEN OF SHAWNEE (official capacity only)**. This claim is **DISMISSED** without prejudice against Defendants **ASSISTANT WARDEN WALKER, ANN LAHR,** and **UNKNOWN CHAPLAIN** because the Complaint fails to state any claim for relief against these defendants.

**IT IS ORDERED** that as to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **WARDEN OF SHAWNEE (official capacity only), ASSISTANT WARDEN WALKER, ANN LAHR,** and **UNKNOWN CHAPLAIN** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Shawnee's Unknown Chaplain until such time as Plaintiff has identified this individual by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 3) and a plan for discovery aimed at identifying Defendant Unknown Chaplain with particularity.

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the

payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.29 15:17:10
-05'00'

United States District Judge

11