IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL MACK,

Plaintiff,

v.

ASSISTANT WARDEN WALKER, et al.,

Defendants.                                              No. 18-cv-507-DRH-RJD

MEMORANDUM and ORDER

HERNDON, District Judge:

Plaintiff Carl Mack, brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(A), while incarcerated at Shawnee Correctional Center. Specifically, Mack alleges that he was denied access to Hebrew Israelite religious worship services at Shawnee in violation of the Free Exercise Clause of the First Amendment and RLUIPA.

Along with his complaint, Mack filed a motion for preliminary injunction (Doc. 21), seeking relief against the Warden of Shawnee that requires him to allow Mack access to the law library in addition to offering access to Hebrew Israelite worship services. Plaintiff alleges that the lack of access to Hebrew Israelite services and fellowship is causing him stress and psychological harm, and this stress exacerbated his diabetes necessitating an increase in insulin.

Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Daly submitted a Report and Recommendation ("the Report") on June 14, 2018 (Doc. 37). The Report

recommends that the Court deny as Mack's motion for preliminary injunction in its entirety, as plaintiff has failed to show that he will suffer irreparable harm absent this injunctive relief and that he is reasonably likely to succeed on the merits. The defendants set forth procedures in place for requesting religious services, given that no Hebrew Israelite services are, or have ever been, offered since Plaintiff arrived at Shawnee during plaintiff's incarceration, but plaintiff has failed to comply.

Administrative Code § 425.60(f) requires when no chaplain of a particular faith is available, an offender is required to submit written verification to the facility that he has attempted to locate and secure the services of religious leaders of his faith and that such persons refused or were not approved to conduct religious activities. 20 Ill. Admin. Code § 425.60(f)(1). The offender must also provide written verification that attendance at existing religious activities does not satisfy the recognized tenants of his faith. Further, the offender must provide a written agreement by a chaplain of that faith group to provide general oversight and guidance of the religious activity received. Plaintiff has been informed of the process required to establish new communal religious services, but has failed to take the necessary steps. Thus, plaintiff has failed to show that he is reasonably likely to succeed on the merits of his claim that Defendants denied him access to Hebrew Israelite services in violation of the First Amendment and RLUIPA.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report.

To date, none of the parties has filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report (Doc. 37). The Court **DENIES** Mack's motion for preliminary injunction (Doc. 21) for the reasons given in the Report and Recommendation.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.09
18:29:38 -05'00'

United States District Judge